■   EDWARD WEISS ADVERTISING AGENCY, INC., Respondent, v. HAROLD WEISS et al., Appellants.— Order entered December 7, 1965, granting plaintiff-respondent's motion for a preliminary injunction in an action for a permanent injunction and damages against certain of its former employees and a newly incorporated, competitive advertising agency unanimously modified, on the law, on the facts and in the exercise of discretion, by eliminating from

ordering paragraph "C", after its first word, the phrase "making use of the knowledge or information received by them in connection with their employment with the plaintiff or" and by eliminating ordering paragraphs "D" and "E" in their entirety, and as so modified, the order is affirmed, with $30 costs and disbursements to plaintiff-respondent. [The deleted provisions of the order were directed against all defendants, and, in effect, barred them from making use of all information, whether confidential or not, that they had obtained in connection with their former employment.] (This is too broad a prohibition) (*Town & Country House & Home Serv.* v. *Newberry,* 3 N Y 2d 554; cf. *Paramount Pad Co.* v. *Baumrind,* 4 N Y 2d 393; *Carpenter & Hughes* v. *De Joseph,* 13 A D 2d 611, affd. 10 N Y 2d 925). So, too, is the provision of the order directed against defendant Abramson. It was based on a broad restrictive covenant contained in his employment agreement with plaintiff. It barred defendant Abramson from engaging in any business competitive with plaintiff during the term of employment fixed for at least five years, without geographical or other limitation. Such a covenant, without limitation after termination of the employment, is unenforcible whether the termination was rightful or wrongful (cf. *Purchasing Assoc.* v. *Weitz,* 13 N Y 2d 267, 272). Concur — Botein, P. J., Breitel, Steuer and Staley, JJ.